UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$16,978.29 IN UNITED STATES CURRENCY,<br><br>Defendant. | Case No. 3:12-cv-00425-MMDPWGC<br><br>ORDER |

I. **SUMMARY**

Before the Court is Mark Enrique's Motion for Leave to File Claim (dkt no. 15) filed on December 6, 2012, one day before the Court granted Plaintiff's Motion to Strike Mr. Enrique's Answer (dkt. no. 16).

II. **BACKGROUND**

The United States filed this action for civil forfeiture against currency on August 13, 2012. (Dkt. no. 1.) On August 20, 2012, Plaintiff filed a Certificate of Service to establish proof of service of the following on Mr. Enrique and other potential claimants to the defendant property: (1) the Complaint; (2) Summons and Warrant of Arrest in Rem Property; and (3) Notice of Complaint for Forfeiture and Arrest of Property. (Dkt. no. 5.) The Notice explains the reason for the Notice and informs the potential claimants that if they wish to appear as a claimant, they "must file a verified claim setting forth an interest in the property with the Clerk of the above-entitled court no later than

September 26, 2012." (*Id.* at 1:25-2:2.) The Notice further informs claimants that an Answer to the Complaint or a motion under Rule 12 must be filed "no later than 20 days after the date of filing of the claim." (*Id.* at 2.)

On October 3, 2012, Mr. Enrique filed a verified Answer to the Complaint after he obtained an extension of time to do so. In his Answer, Mr. Enrique asserted that he is the claimant to $7,441.50 portion of the currency. He did not file a verified claim. On October 17, 2012, Plaintiff moved to strike the Answer. In that motion, Plaintiff argued that Mr. Enrique failed to file a verified claim, which is a jurisdiction prerequisite for him to participate in this forfeiture action. Mr. Enrique did not respond to Plaintiff's motion. On December 6, 2012, Mr. Enrique filed the current Motion for leave to file his verified claim. As noted, this was the day before the Court granted Plaintiff's Motion to Strike the Answer.

### III.   DISCUSSION

Mr. Enrique claims that he did not understand the instructions in the Notice and tried to preserve his right to challenge the forfeiture by filing an Answer instead of a claim because he had previously submitted a claim in June 2012 so he thought he did not need to file another claim.[1] He argues that because of his previous claim, Plaintiff is not prejudice by his late filing of the claim in this case. He further argues that his failure to file a timely claim was the result of excusable neglect or inadvertence.

The general rules for civil forfeiture proceedings are set forth in 18 U.S. § 983. These rules require that the government and potential claimants comply with certain procedures and do so within an established timeline. Once a claim is filed in the government's nonjudicial foreclosure proceedings, the government must initiate judicial foreclosure proceedings within ninety (90) days or return the seized property pending the filing of a complaint. 18 U.S. § 983(1)(a)(3)(A). When the government files a

---

[1] The Complaint alleges that on May 31, 2012, Mr. Enrique submitted a claim in the administrative summary forfeiture proceedings, claiming ownership of the sum of $7,441.50. (Dkt. no. 1, ¶ 6.)

2

complaint for civil forfeiture, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 USC § 983(a)(4)(A). Supplemental Rule G5(a)(i) provides that a person who asserts a claim over the seized property may file a claim with the court where the action is filed and describes the manner for filing the claim. The claim "must identify the claimant and state the claimant's interest in the property. Supp. Rule 5(G)(a)(i)(B). Thus, to become a party to the forfeiture action, the interested party must file a claim. *Id*.; *see also United States v. Real Property Seized in Fresno*, 135 F.3d 1312, 1316-17 (9th Cir. 1998) (claimant must file a claim to become a party to have standing to challenge forfeiture of seized property under Supp. Rule C(6)).

The Ninth Circuit Court of Appeals recently reiterated that district courts have "'discretion to overlook the failure to conform to the requirements of forfeiture claim rules.'" *United States v. $11,500.00 in United States Currency,* 710 F.3d 1006, 1012 (9th Cir. 2013) (*quoting United States v. Real Property at 2659 Roundhill Dr., Alamo, Cal.,* 194 F.3d 1020, 1024 (9th Cir.1999)). Factors for the court to consider include "whether the deficiency prejudiced the government" and "whether "it was a strategic attempt to gain some advantage." *Id.*

Mr. Enrique did not file a claim and delayed in seeking leave to file a claim for another two (2) months after Plaintiff filed the motion to strike his Answer. Indeed, Plaintiff's motion should have put Mr. Enrique on actual notice that he needed to file a verified claim even accepting his claim that he did not understand the instructions in the Notice. However, the Court finds that Mr. Enrique's delay in seeking leave to file the Motion does not prejudice the government and is not a strategic attempt to gain some advantage. The Complaint alleges that Mr. Enrique filed a claim to $7,441.50 of the currency in the administrative summary forfeiture proceedings so the government is aware of Mr. Enrique's claim. (Dkt. no. 1, § 6.) After the forfeiture action was filed, Mr. Enrique made an effort to challenge the forfeiture of a portion of the currency. He filed a

motion for an extension to file his answer to the complaint and in his motion noted that he had filed a claim to a portion of the currency. (Dkt. no. 7.) He further claimed that he had been informed that the government did not object to the motion for extension. (Dkt. no. 7.) Mr. Enrique also explained that he was held in the Washoe County Sheriff's Detention Facility and had limited resources to challenge the forfeiture action but was seeking assistance from Washoe Legal Services. While he should have filed a verified claim before he filed his Answer, the Court finds that Mr. Enrique has made a good faith effort to comply with the procedures for challenging forfeiture action under Supplemental Rule 5(G), particularly in light of the fact that he is representing himself and doing so while in custody.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Mark Enrique's Motion for Leave to File Claim (dkt. no. 15) is GRANTED. The Clerk is instructed to file Mr. Enrique's Verified Claim, attached as Exhibit 2, to his Motion. Mr. Enrique must comply with the procedures in the Notice of Complaint for Forfeiture and Arrest of Property and must file an answer or a response to the Complaint within twenty (20) days from the filing of his Verified Claim.

DATED THIS 29th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE